**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

IN RE: GENERAC SOLAR POWER SYSTEMS MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 23-md-03078

THIS DOCUMENT RELATES TO ALL CASES

---

**JOINT MOTION AND STIPULATION TO AMEND SETTLEMENT AGREEMENT, SET DEADLINES FOR SUPPLEMENTAL NOTICE TO OBJECTORS AND EXCLUDED SETTLEMENT CLASS MEMBERS, AND AMEND CLAIMS DEADLINE FOR CLASS MEMBERS RECEIVING SUPPLEMENTAL NOTICE**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties stipulate to the amendment of Paragraph 1.46 of the settlement agreement in this action to clarify the scope of the claims released, as specified further herein, and jointly move the Court to approve their proposal to provide notice of that amendment to persons identified as settlement class members who have previously filed objections to the settlement or excluded themselves from the settlement class. In support of this Joint Motion and Stipulation, the Parties state the following:

## BACKGROUND

1. On January 13, 2026, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 81) and preliminarily approved the settlement of this Action (the "Settlement").

2. On April 21, 2026, the Court issued its Amended Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 89) (the "Amended Order") and preliminarily approved the settlement of this Action pursuant to the Settlement Agreement as amended by the Addendum executed on April 20, 2026 (the "Settlement Agreement").

3. The Court-appointed Settlement Administrator determined that there were 38,464 unique Settlement Class Members to whom notice should be issued in accordance with the Settlement Agreement. Beginning on May 12, 2026, the Settlement Administrator successfully delivered email notice to 35,797 email addresses, and postcard notice to 37,071 mailing addresses, plus 53 additional mailing addresses determined through USPS forwarding address notifications or skip trace searches. On or before May 12, 2026, the Settlement Administrator published the Settlement Website according to the specifications set forth in the Settlement Agreement, and published digital banner notices on social media networks from May 12, 2026 through June 11, 2026. The Settlement Administrator determined that the Notice Program reached a total of 38,162 Settlement Class Members, or 99.21%.

4. The Amended Order set a deadline of July 20, 2026, to object to the Settlement or to request exclusion from the Settlement Class.

5. As of July 20, 2026, 282 individuals sought exclusion from ("opted out" of) the Settlement Class;

6. On July 20, 2026, certain Settlement Class Members (the "Objectors") objected to the Settlement as specified in the Settlement Agreement, asserting, *inter alia,* a concern that the release of claims as defined in Paragraph 1.46 of the Settlement Agreement could be construed as overly broad with respect to dealers, aligned contractors, and installers who were not defendants to the consolidated class actions and were not contributing to the Settlement Fund. ECF Nos. 93 and 97.

7. The Parties have met and conferred with counsel for the Objectors in an effort to resolve the grounds for the Objectors' objections to the Settlement.

8. The Parties have also met and conferred with representatives of the Attorney Generals of certain states (the "AG Offices") regarding questions raised by AG Offices concerning the scope of the release, in particular relating to the effect of the release on actions brought by State AGs or other public enforcement authorities against non-Parties for violation of state consumer protection acts, home solicitation sales acts, and/or the Consumer Financial Protection Act.

9. The Parties have agreed with the Objectors on an amendment to Paragraph 1.46 of the Settlement Agreement, as set forth in Paragraph 18 of this Motion, *infra*, revising the definition of "Released Claims" to clarify the scope of that defined term (hereafter, "the Amendment"), in exchange for all Objectors' withdrawal, in full, of their objections to the Settlement;

10. The Parties understand that, if the Amendment is adopted, the AG Offices have no further questions about the settlement at this time, but that they do not endorse, object to, or otherwise take a position on the Settlement.

**ARGUMENT**

11. Because the Amendment does not in any way limit or adversely affect the Class Members' rights under the Settlement Agreement, this Court should grant the Motion and approve the Amendment and the Parties' plan to provide notice of the Amendment to the Objectors or former Settlement Class Members who may wish to rejoin the Class.

12. The Court has authority to approve stipulated modifications to the Settlement that do not limit, restrict, or otherwise adversely affect the rights of Settlement Class Members after preliminary approval and before final approval of the Settlement, without requiring additional notice to Settlement Class Members. *See, e.g., Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010) ("Although changes were made to the release after potential class members received the notice, the changes did not render the notice inadequate because they narrowed the

scope of the release"); *Rikos v. Procter & Gamble Co.*, 2022 WL 715972, at *1 (S.D. Ohio Mar. 10, 2022) ("Where amendments are 'either minor and technical in nature' or 'do[ ] not materially alter the Settlement Agreement, and do[ ] not change the Court's fairness analysis,' courts often summarily approve an amendment without clearing the procedural hurdles of Rule 23(e)") (collecting cases); *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *4 (N.D. Cal. Sept. 29, 2016) (additional notice not required where revised release "narrows the scope of the claims discharged"); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 314 (D.D.C. 2015) ("an amendment requires supplemental notice only when it 'would have a material adverse effect on the rights of class members'").

13. Here, the Amendment, as set forth in Paragraph 18 of this Motion, *infra*, seeks, for the avoidance of doubt, to identify expressly certain claims that are *not* released by the Settlement Agreement, and, as such, is intended to clarify, without in any way expanding, the scope of the Released Claims.

14. To the extent the Amendment could be construed as effecting any substantive change to the scope of the Released Claims by identifying expressly certain claims that are *not* released by the Settlement Agreement, the Amendment could be construed only to narrow, but not to expand, the scope of the Released Claims.

15. To the extent the Amendment clarifies a provision of the Settlement Agreement that may have prompted Settlement Class Members to object or exclude themselves, such persons may now wish to participate in the Settlement. Accordingly, as described further below, the Parties agree to provide notice of the Amendment to all Objectors and all persons who timely requested exclusion from the Settlement Class (the "Supplemental Notice Recipients"), and to provide the

Supplemental Notice Recipients 30 days in which to revoke their request for exclusion (if any) and rejoin the Settlement Class, if they so elect, and to submit a timely Claim.

16. The Parties seek to retain the timeline set forth in the Court's Amended Order with respect to the deadlines for the Final Approval Motion and the Final Approval Hearing.

17. Because the Amendment is beneficial or neutral to Class Members, because the Parties agree to provide appropriate notice to the Supplemental Notice Recipients as the only Class Members potentially affected by the Amendment (to the extent it resolves their potential concerns), and because the contemplated notice does not require any changes to the schedule for final approval set by the Court, the relief sought by the Parties is warranted.

**STIPULATION AND RELIEF REQUESTED**

WHEREFORE, the Parties hereby stipulate and agree as follows, subject to the approval of the Court:

18. The parties propose to amend Paragraph 1.46 of the Settlement Agreement such that "Released Claims" is defined as follows:

> "'Released Claims' means any and all past and existing claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, direct or indirect, known or unknown, and whether in law or in equity or for money damages, punitive damages, exemplary damages, injunctive or other equitable relief, attorneys' fees, or costs that arise out of or relate to the SnapRS consumer or product liability claims and related consumer or product liability litigation involving the purchase, sale, or use of a solar energy system with allegedly defective SnapRS devices designed, supplied, sold by or otherwise attributable to Defendants. The Released Claims exclude claims for personal and/or bodily injury, wrongful death, and property damage to property other than the claimant's PWRcell

System(s). With respect to dealers, distributors, aligned contractors, and installers, Released Claims includes only claims that are solely and directly related to the allegedly defective SnapRS devices. For the avoidance of doubt, notwithstanding the inclusion of dealers, distributors, aligned contractors, installers, and other non-Defendant persons or entities in the definition of Releasees, Released Claims do not include:

(i) any claim against any non-Defendant Releasee (Releasees other than the named Defendants) or other non-party to the extent the claim is based on any non-Defendant Releasee's or other non-party's own alleged marketing, sales, financing, installation, servicing, or other non-Defendant conduct;

(ii) any claim seeking to impose derivative or assignee liability on a financing source, assignee, or holder of a consumer credit contract based on conduct described in clause (i), including under the FTC Holder Rule or analogous doctrines; or

(iii) any claim based on the conduct described in clauses (i) or (ii) brought by State Attorneys General or other public enforcement authorities for violation of state consumer protection acts, home solicitation sales acts, the Consumer Financial Protection Act (12 U.S.C. § 5481, et seq.), or analogous federal or state law.

The foregoing exclusions apply even if the claim also involves allegations concerning the overall performance of a claimant's solar energy system or PWRcell System. Nothing in this paragraph preserves any claim against any Defendant, narrows the release of any Released Claim as to any Defendant, affects any limitation otherwise applicable to the definition of Releasees, or creates any claim, admission, agency relationship, derivative liability, or right to duplicative recovery."

19. The Parties will direct the Settlement Administrator (Eisner Advisory Group LLC) to effect email notice, no later than September 14, 2026, and in accordance with the procedures used by the Settlement Administrator in effecting email notice pursuant to Section 4 of the Settlement Agreement, to the Supplemental Notice Recipients, (1) of the amendment to Paragraph 1.46 of the Settlement Agreement and (2) of the rights of the Supplemental Notice Recipients to revoke their request for exclusion (if any) and rejoin the Settlement Class, if they so elect, by October 14, 2026, and to submit a Claim, if they so elect, by October 14, 2026 (hereafter, the "Supplemental Notice").

20. All costs associated with the Supplemental Notice will be paid from the Settlement Fund.

21. The Parties agree that the timeline set forth in the Court's Amended Order shall remain in effect without change, except that the Claims Deadline shall be extended to October 14, 2026 for the Supplemental Notice Recipients only.

22. The Parties' proposed Second Addendum to the Parties' Settlement Agreement and Release Dated January 9, 2026 is attached hereto as Exhibit A and a redline of the proposed changes to Paragraph 1.46 of the Settlement Agreement is attached hereto as Exhibit B.

Respectfully submitted,

Dated: September 10, 2026

By: /s/ Michael J. Gill
Michael J. Gill (IL Bar No. 957615)
Michael A. Olsen
Gina Aiello
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Telephone: (513) 579-6457
Facsimile: (513) 579-6457
Email: mgill@mayerbrown.com

Dated: September 10, 2026

By: /s/ James J. Rosemergy
James J. Rosemergy*
**CAREY DANIS & LOWE**
8235 Forsyth Blvd., Ste. 1100
St. Louis, MO 63105
Telephone: (314) 725-7700
Email: jrosemergy@careydanis.com

Scott C. Harris*
**BRYSON HARRIS SUCIU & DEMAY**

Email: molsen@mayerbrown.com
Email: gaiello@mayerbrown.com

Elspeth V. Hansen
**MAYER BROWN LLP**
3000 El Camino Real
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2043
Facsimile: (650) 331-2060
Email: ehansen@mayerbrown.com

Andrew J. Spadafora
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3043
Facsimile: (202) 263-3300
Email: aspadafora@mayerbrown.com

*Counsel for Defendants Generac Power Systems, Inc. and Generac Holdings Inc.*

PLLC
900 W Morgan St
Raleigh
Raleigh, NC 27603
919-600-5000
Fax: 919-600-5035
Email: sharris@brysonpllc.com

Ian J. Barlow*
**KERSHAW TALLEY BARLOW**
401 Watt Ave. Ste. 1
Sacramento, CA 95864
Telephone: (916) 779-7000
Email: ian@ktblegal.com

Mark P. Chalos*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Ave. South, Ste. 1640
Nashville, TN 37201
Telephone: (615) 313-9000
Email: mchalos@lchb.com

Mary C. Flanner SBN 1013095
Nola J. Hitchcock Cross SBN 1015817**
**CROSS LAW FIRM**
845 N. 11th Street Milwaukee, WI 53233
Telephone: (414) 224-0000
Email: njhcross@crosslawfirm.com
Email: mflanner@crosslawfirm.com
* *Plaintiffs' Lead Counsel*
** *Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 10, 2026, the foregoing was filed using the Court's ECF System, and served upon all counsel of record thereby.

By: /s/ Michael J. Gill